UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                             No. 02-70141

v.                                                     District Judge Arthur J. Tarnow
                                                           Magistrate Judge R. Steven Whalen

JULIE K. AHLER, a/k/a
JULIE K. CROCKRAN,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is a student loan case. On March 7, 2002, the Court entered a consent judgment in favor of the United States and against the Defendant in the amount of $4,200.82, plus filing fee and pre-judgment interest from December 28, 2001 to the entry of judgment [Doc. #5]. On July 28, 2015, a writ of continuing garnishment was issued to Defendant's employer, G4S Secure Solutions [Doc. #14]. Before the Court is Defendant's Motion to Lower Withholding [Doc. #15], in which she asks the Court to, in effect, order installment payments in an amount less than the 25% of her wages that is being garnished.

      Because this is a post-judgment matter, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). I recommend that the Defendant's motion [Doc. #15] be DENIED.

**I.   DISCUSSION**

      Plaintiff argues that this Court has no authority to grant Defendant's request for

installment payments because that relief is not available under federal law. Plaintiff contends 28 U.S.C. § 3204 is the only mechanism through which a federal court can order installment payments, and that statute permits judgment creditors, not defendants, to seek installment payments when the judgment debtor is receiving "disposable earnings from self employment that are not subject to garnishment."

Plaintiff is correct that § 3204 provides judgment creditors a procedure to compel installment payments when the judgment debtor has no income that would be subject to garnishment. But while providing a remedy to judgment creditors, that statute does not circumscribe the court's authority to permit an employed judgment debtor to make installment payments in lieu of garnishment. Fed.R.Civ.P. 69(a)(1), which sets forth procedures for execution of a money judgment, provides that "[t]he procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 64 provides that state garnishment procedures may be used to secure satisfaction of a federal court judgment, subject to any applicable federal statute. While it provides a remedy for judgment creditors, § 3204 does not apply to a *judgment debtor's* request for installment payments. Therefore, Michigan law applies, and as the Plaintiff correctly observes, M.C.R. 3.104(a) states that "[a] party against whom a money judgment has been entered may move for entry of an order permitting the judgment to be paid in installments in accordance with MCL 600.6201 et seq.; MSA 27A.6201 et seq." *See Warner Bros. Records Inc. v. Patnode*, 2010 WL 431908, *1 (W.D.Mich. 2010)(granting federal judgment debtor's motion for installment payments under M.C.R. 3.104(a)).

However, while the Court has the authority to order installment payments, the

decision to do so is discretionary. Here, the following facts weigh against granting Defendant's request:

(1) While she states that she "can't afford 25% of my paycheck," she offers no factual information as to the extent the garnishment impacts her ability to meet her necessary monthly expenses.

(2) Although Defendant entered into a consent judgment in 2002, she has not made a single voluntary payment.

(3) According to the garnishee's disclosure, and specifically the Disposable Pay Computation [Doc. #16], Defendant's disposable biweekly pay is $969.29. The calculated wage garnishment amount is $145.39 biweekly (approximately $290.78 per month). According to Plaintiff, the balance on the judgment is $913.24. If garnishment continues, the entire judgment will be paid off in about three months. Again, Defendant has not shown that the continuation of the garnishment for this short period of time would cause undue hardship.

(4) The Court set Defendant's motion for hearing on October 6, 2015 at 10:00 a.m. On August 31, 2015, the Court mailed a notice of hearing to the Plaintiff at the address she supplied. The Plaintiff's lawyer showed up at the appointed date and time, but the Defendant did not. The Court's attempts to contact the Defendant by the telephone number she supplied were unsuccessful. It appears that she has abandoned her motion.

## II.   CONCLUSION

I recommend that Defendant's motion to lower withholding [Doc. #15] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as

provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: October 6, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 6, 2015, electronically and/or by U.S. mail.

s/C. Ciesla
Case Manager